# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 7, 2011      Decided November 22, 2011

No. 10-1411

MANOR CARE OF EASTON, PA., LLC, DOING BUSINESS AS
MANORCARE HEALTH SERVICES - EASTON,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE
PENNSYLVANIA (SEIU HEALTHCARE PA),
INTERVENOR

———

Consolidated with 11-1011

———

On Petition for Review and Cross-Application for
Enforcement of An Order of the National Labor Relations
Board

———

*Charles P. Roberts*, *III* argued the cause for petitioner.
With him on the briefs was *Clifford H. Nelson Jr.*

*Kellie Isbell*, Attorney, National Labor Relations Board,
argued the cause for respondent. With her on the brief were
*John H. Ferguson*, Associate General Counsel, *Linda Dreeben*,

Deputy Associate General Counsel, and *Julie B. Broido*, Supervisory Attorney. *MacKenzie Fillow*, Attorney, and *Robert J. Englehart*, Supervisory Attorney, entered appearances.

*Nicole G. Berner* argued the cause for intervenor in support of respondent. With her on the brief were *Judith A. Scott* and *Lela M. Klein*.

Before: ROGERS, *Circuit Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Manor Care of Easton, PA, LLC, filed this petition for review of an order of the National Labor Relations Board. The Board held that Manor Care violated § 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (3), when it threatened and disciplined Trisha Miechur, a certified nursing assistant and outspoken union supporter. Manor Care contests both findings.[*] The Board has filed a cross-application for enforcement of its order.

Section 8(a)(1) makes it unlawful for employers to "interfere with, restrain, or coerce employees" in the exercise of rights guaranteed by the Act. 29 U.S.C. § 158(a)(1). Shortly after Manor Care supervisor Debra Kushnerick unlawfully confiscated union literature from Miechur, she told Miechur to

---

[*] Manor Care concedes a number of other violations, including (1) unlawfully interrogating Miechur; (2) soliciting employee grievances to discourage unionization; (3) granting wage increases and lump sum bonuses to discourage unionization; and (4) confiscating union literature. The Board is entitled to summary enforcement of these uncontested findings. *Flying Food Grp., Inc. v. NLRB*, 471 F.3d 178, 181 (D.C. Cir. 2006).

"stop worrying about the Union and worry about your job." The statement came during a confrontation over the literature and soon after Miechur was unlawfully interrogated. Given these circumstances, substantial evidence supports the Board's finding that Kushnerick's statement was an unlawful threat of job loss. *See, e.g.*, *Fieldcrest Cannon, Inc.*, 318 N.L.R.B. 470, 488 (1995), *enforced in relevant part*, 97 F.3d 65 (4th Cir. 1996).

Section 8(a)(3) makes it an unfair labor practice for an employer to "discourage membership in any labor organization" by "discriminat[ing] in regard to hire or tenure of employment." 29 U.S.C. § 158(a)(3). The Board assumed, as shall we, that Miechur urged Manor Care patients to support the union's cause. For this, she received a final written warning – the last step before termination. To establish that the punishment was unlawful, the Board must demonstrate that protected activity was a motivating factor for the discipline. If the Board succeeds, Manor Care may mount an affirmative defense by showing that it would have taken the same action in the absence of any anti-union considerations. *Wright Line*, 251 N.L.R.B. 1083, 1089 (1980); *see also NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 401-03 (1983) (approving the *Wright Line* test).

Manor Care admits that Miechur's union activity was a motivating factor for her discipline. It defends on the ground that it would have punished Miechur anyway. The Board's conclusion to the contrary has ample support. Although other employees engaged in conduct similar to Miechur's, Manor Care neither investigated nor punished any one of them. Miechur was disciplined without an inquiry into her actions, as company policy required. And Manor Care premised its discipline, at least in part, on Miechur's expired disciplinary history, an impermissible consideration under company rules. We therefore conclude that substantial evidence supports the

Board's *Wright Line* determination.  *See, e.g.*, *Tasty Baking Co. v. NLRB*, 254 F.3d 114, 126-27 (D.C. Cir. 2001).

In light of these conclusions, we need not consider the Board's alternative ground for its § 8(a)(3) ruling – that the direct solicitation of health care patients here was a protected activity under § 7 of the Act, 29 U.S.C. § 157.  *See* 356 N.L.R.B. No. 39, 2010 WL 4929679, at *4 n.13 (2010).  For the reasons discussed above, we deny the petition for review and grant the Board's cross application for enforcement.

*So ordered.*